# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN E. WEST, | ) | 1:05-cv-01311-AWI-TAG HC |
| | ) | |
| Petitioner, | ) | REPORT AND RECOMMENDATION |
| | ) | REGARDING PETITION FOR WRIT OF |
| v. | ) | HABEAS CORPUS (Doc. 1) |
| | ) | |
| JAMES YATES, et al. | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On October 19, 2005, Petitioner filed his petition for writ of habeas corpus in this Court.  (Doc. 1).

Petitioner, who, at the time of filing of the petition, was incarcerated in Pleasant Valley State Prison ("PVSP"), Coalinga, California, raises a single ground for relief in his petition, i.e., that the entire medical staff at PVSP has violated Petitioner's constitutional rights by failing to provide necessary medical care to Petitioner, including the prescribing of various drugs, the referral of Petitioner to outside medical practitioners, and the denial of treatment.  (Doc. 1, p. 3). Petitioner alleges that the medical staff at PVSP has acted in a malicious and negligent manner in violation of what Petitioner alleges is a federal court's order to correct its prior deficiencies. (Doc. 1, p. 4).   Petitioner does not challenge either his conviction or sentence.  Petitioner specifically indicates that his claim for relief is not applicable to his superior court sentence. (Doc. 1, p. 3).

1  In the petition, Petitioner requests the appointment of counsel.  (Doc. 1, p. 6).  Also, on
2  November 14, 2005, Petitioner filed a motion seeking to permit the inclusion in this case of an
3  additional "plaintiff" on the grounds that the prospective plaintiff has suffered similar problems
4  as has Petitioner with the PVSP medical staff.  (Doc. 5).

## DISCUSSION

6  Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary
7  review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it
8  plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule
9  4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490
10 (9th Cir.1990).  A federal court may only grant a petition for writ of habeas corpus if the
11 petitioner can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C.
12 § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality
13 or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*,
14 Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the
15 Rules Governing Section 2254 Cases.   In contrast, a civil rights action pursuant to 42 U.S.C.
16 § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.
17 McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991);  Preiser, 411 U.S. at 499; Badea, 931 F.2d
18 at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.
19 In this case, Petitioner complains that the medical staff at PVSP has been negligent in
20 denying him necessary medical care.  Petitioner seeks an order from this Court that would correct
21 what Petitioner describes as the "deplorable" medical conditions at PVSP.  (Doc. 1, p. 4).
22 Petitioner is thus challenging the conditions of his confinement, not the fact or duration of that
23 confinement.  Hence, Petitioner is not entitled to habeas corpus relief, and therefore this petition
24 must be dismissed.  Should Petitioner wish to pursue his claims, Petitioner must do so by way of
25 a civil rights complaint pursuant to 42 U.S.C. § 1983.
26 ///
27 ///
28 ///

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS:

1. That the petition for writ of habeas corpus (Doc. 1), be DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas corpus relief;

2. That Petitioner's motion for appointment of counsel (Doc. 1), be DENIED as MOOT;

3. That Petitioner's motion to add an additional "plaintiff" to this action (Doc. 5), be DENIED as MOOT: and,

4. That the Clerk of Court be DIRECTED to send Petitioner the standard form for claims pursuant to 42 U.S.C. § 1983.

This Report and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Report and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   November 23, 2005**             /s/ Theresa A. Goldner
j6eb3d                                             UNITED STATES MAGISTRATE JUDGE